J-S44012-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN JOSE GONZALES | : | |
| | : | |
| Appellant | : | No. 96 WDA 2019 |

Appeal from the PCRA Order Entered December 21, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000289-2011

BEFORE: SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    FILED SEPTEMBER 10, 2019

Juan Jose Gonzales ("Appellant") appeals from the order denying his

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.

§§ 9541–9546. In addition, counsel for Appellant has filed a motion to

withdraw and a no-merit letter pursuant to Commonwealth v. Turner, 544

A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa.

Super. 1988) (en banc). We grant counsel's application to withdraw and

affirm the order of the PCRA court.

The facts underlying this case are not in dispute. See Commonwealth

v. Gonzales, 120 A.3d 378, 1292 WDA 2014 (Pa. Super. filed February 11,

2015) (unpublished memorandum) (setting forth facts on direct appeal).

Following a four-day trial in October 2011, a jury convicted Appellant of two

counts of Unlawful Contact with a Minor–Open Lewdness, Endangering the

Welfare of Children, two counts of Corruption of Minors by Any Act, and two counts of Indecent Exposure.[1] Because the jury was deadlocked on the remaining charges, the trial court declared a mistrial. N.T., 10/20/11, at 16. The remaining counts were subsequently nolle prossed. Order, 8/28/12.

Following a hearing on April 23, 2013, the trial court determined that Appellant was a sexually violent predator ("SVP"). Opinion, 4/24/13, at unnumbered 6–7. The next day at sentencing, the trial court advised Appellant that he was considered a SVP, subject to lifetime registration under the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10–9799.42. N.T., 4/24/13, at 16–17. The trial court then sentenced Appellant to imprisonment for an aggregate term of nine and one-half to twenty-four years. Id. at 34–39.

Appellant filed a motion for reconsideration, which the trial court denied. Motion for Reconsideration, 5/6/13; Order 5/7/13. Following reinstatement of Appellant's direct appeal rights nunc pro tunc, this Court affirmed the judgment of sentence and permitted counsel to withdraw. Gonzales, 1292 WDA 2014 (unpublished memorandum at *4). Appellant did not file an application for permission to appeal in the Pennsylvania Supreme Court.

Relying on the Pennsylvania Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), Appellant filed a

_____

[1] 18 Pa.C.S. §§ 6318(a)(2), 4303(a), 6301(a), and 3127(a), respectively.

petition titled, "Pro Se Petition to Correct And/Or Modify Unconstitutional Sentence To Com. v. Muniz, J-121B-2016 (19 July 2017)," on September 5, 2017. Construing Appellant's filing as a PCRA petition, the PCRA court appointed counsel. Order, 9/25/17. Counsel filed an amended PCRA petition. Petition, 4/6/18. Following a hearing on July 16, 2018, the trial court dismissed Appellant's petition. Opinion and Order, 12/21/18, at 1.

This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925. Counsel filed an application for leave to withdraw in this Court on June 17, 2019, along with a "no-merit" letter brief. Appellant has not filed a reply, and the Commonwealth has not filed a brief.

Prior to addressing the merits of Appellant's appeal, we must first decide whether counsel has fulfilled the procedural requirements for withdrawing her representation. Commonwealth v. Daniels, 947 A.2d 795, 797 (Pa. Super. 2008). This Court has set forth the conditions that must be satisfied before counsel will be permitted to withdraw in a collateral appeal:

> Counsel petitioning to withdraw from PCRA representation must proceed … under [Turner, supra and Finley, supra and] … must review the case zealously. Turner/Finley counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.

*   *   *

> [W]here counsel submits a petition and no-merit letter that
> … satisfy the technical demands of Turner/Finley, the court—
> trial court or this Court—must then conduct its own review of the
> merits of the case. If the court agrees with counsel that the claims
> are without merit, the court will permit counsel to withdraw and
> deny relief.

Commonwealth v. Doty, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted) (brackets in original).

In the application filed with this Court and the documents appended thereto, counsel explained that she was appointed to represent Appellant as PCRA counsel and that she reviewed the case, evaluated the issues, conducted an independent review of the record, and concluded there were no issues of merit.  Application to Withdraw, 6/17/19; No Merit Letter Brief, 6/17/19, at unnumbered 1–2. Counsel also listed two issues relevant to this appeal in her no-merit letter brief and explained why the appeal is without merit.  Id. at unnumbered 2–6.  In addition, counsel averred that she served upon Appellant a copy of the application to withdraw, the brief, and a letter addressed to Appellant accompanying those documents, informing Appellant of his right to retain new counsel, proceed pro se, or raise any additional points that he deems worthy of the Court's attention.  Application to Withdraw, 6/17/19, at Certificate of Service; Letter, 6/14/19.  Thus, we will allow counsel to withdraw if, after our review, we conclude that the claims relevant to this appeal lack merit.

Counsel presents two issues on Appellant's behalf:

- 4 -

1. The PCRA [c]ourt erred in determining that [Appellant's] PCRA was untimely[.]

2. The conditions of SORNA are punitive in nature and therefore retroactive application to offenders convicted prior to its enactment violates the Ex Post Fact clauses of the U.S. and Pennsylvania Constitutions.  U.S. CONST., art. 1 § 10, PA. CONST. art 1, § 17.  Consequently the application [of] SORNA to [Appellant], who was convicted prior to its enactment, is unconstitutional.

No Merit Letter Brief at unnumbered 2.  The gist of these issues is that Appellant cannot constitutionally be subject to registration under SORNA pursuant to Muniz.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's ruling is free of legal error.  Commonwealth v. Staton, 184 A.3d 949 (Pa. 2018). We consider the record in the light most favorable to the prevailing party in the PCRA court.  Commonwealth v. Mason, 130 A.3d 601 (Pa. 2015).  We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record.  Commonwealth v. Rigg, 84 A.3d 1080, 1084 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final.  42 Pa.C.S. § 9545(b)(1).  A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. Commonwealth v. Taylor, 67 A.3d 1245, 1248 (Pa. 2013). The jurisdictional time bar can be overcome only by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii).[2] Commonwealth v. Spotz, 171 A.3d 675, 678 (Pa. 2017). Further, "[a]ny petition invoking an exception … shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[3] The PCRA

_____

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i–iii).

[3] We note that Section 9545(b)(2) was amended on October 24, 2018, effective sixty days later on December 24, 2018, and extended the time for filing from sixty days of the date the claim could have been presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

petitioner bears the burden of proving the applicability of one of the exceptions. Commonwealth v. Edmiston, 65 A.3d 339, 346 (Pa. 2013).

We have reviewed the briefs of the parties, the certified record before us on appeal, and the PCRA court opinions filed on December 21, 2018, denying collateral relief, and on March 1, 2019, pursuant to Pa.R.A.P. 1925(a). We conclude that the PCRA court's opinions adequately and accurately addressed and disposed of Appellant's issues. Specifically, the PCRA court properly concluded that Appellant's PCRA petition was untimely and, therefore, it lacked jurisdiction to entertain Appellant's petition in light of this Court's ruling in Commonwealth v. Murphy, 180 A.3d 402 (Pa. Super. 2018). See PCRA Court Pa.R.A.P. 1925(a) Opinion, 3/1/19, at 1 (incorporating Opinion and Order, 12/21/18). Consequently, we discern no error in the PCRA court's order dismissing Appellant's petition. We affirm on the basis of the PCRA court's opinions and adopt its analysis as our own.[4] Having determined that Appellant's PCRA petition was properly denied, we grant counsel's application to withdraw representation.

Application to withdraw as counsel granted. Order affirmed.

_____

[4] The parties are directed to attach a copy of those opinions in the event of further proceedings in this matter.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/10/2019

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,:
          :
 v.        :  CR. No. 289-2011
          :
JUAN JOSE GONZALES,    :
   *Defendant/Petitioner.* :

## OPINION OF COURT

AND NOW, December 21, 2018, the Court has for consideration Defendant/Petitioner Juan Jose Gonzales' (hereinafter "Defendant") "Amended Petition for Post-Conviction Relief/Habeas Corpus" (hereinafter "PCRA Petition" or "Petition"), which was filed on April 6, 2018 in the above-captioned case. The Court conducted a hearing on the Petition on July 16, 2018, at which time Defendant appeared and was represented by Pamela Logsdon Sibley, Esquire. The Commonwealth was represented at the hearing by Venango County Assistant District Attorney Brenda Servidio, Esquire. After review of the record and the applicable legal authorities, the Court will dismiss the instant PCRA Petition for the reasons that follow.

### *Factual Background/Procedural History*

This case arises from a 2011 report Sergeant Steven E. Hamilton of the Oil City Police Department received from Venango County Children and Youth Services. This report indicated that, on multiple occasions, Defendant exposed his genitals to his former girlfriend's three minor daughters, masturbated in front of them, and performed sexual acts on one of them. As a result of receiving this report, the Oil City Police Department arrested Defendant and he was subsequently charged with the following crimes: one count of Rape of a Child, in violation of 18 Pa.C.S.A. § 3121(c), a first-degree felony; one count of Involuntary Deviate Sexual Intercourse with a Child, in violation of 18 Pa.C.S.A. § 3123(b), a first-degree felony; one count of Unlawful Contact with

1



a Minor – Sexual Offenses, in violation of 18 Pa.C.S.A. § 6318(a)(1), a first-degree felony; two counts of Unlawful Contact with a Minor – Open Lewdness, in violation of 18 Pa.C.S.A. § 6318(a)(2), third-degree felonies; one count of Indecent Assault, in violation of 18 Pa.C.S.A. § 3126(a)(7), a first-degree misdemeanor; one count of Endangering the Welfare of Children, in violation of 18 Pa.C.S.A. § 4303(a), a third-degree felony; three counts of Corruption of Minors by any Act, in violation of 18 Pa.C.S.A. § 6301(a), first-degree misdemeanors; and three counts of Indecent Exposure, in violation of 18 Pa.C.S.A. § 3127(a), first-degree misdemeanors.

This case proceeded to a four-day jury trial in October 2011, at the conclusion of which the jury found Defendant guilty of two counts of Unlawful Contact with a Minor – Open Lewdness, one count of Endangering the Welfare of Children, two counts of Corruption of Minors by any Act, and two counts of Indecent Exposure. The jury was deadlocked on the remaining counts with which Defendant was charged. As a result, the Court declared a mistrial. By Order of Court dated August 28, 2012, the remaining counts were *nolle prossed.*

On April 24, 2013, the Court, after conducting a sentencing hearing, sentenced Defendant to an aggregate term of imprisonment of 9 ½ to 24 years for his convictions in this case. In addition to imposing carceral sanctions on Defendant, we also informed the Defendant that he is now considered a sexual offender due to his two Unlawful Contact with a Minor – Open Lewdness convictions and his two Corruption of Minors by any Act convictions. We further informed him, that the Court, after hearing on the matter, has determined that he is a sexually violent predator. Accordingly, we stated on the record that, because of this finding, Defendant is deemed a lifetime registrant under SORNA and, as such, must comply with various registration and reporting requirements set forth in SORNA. At the hearing, Defendant, his counsel, and the Court signed a document titled "Notification of Registration Requirements 42 Pa.C.S.A. [§] 9791 et seq," which

2

set forth Defendant's registration and reporting requirements under SORNA and served as an acknowledgement that Defendant understood said requirements.

Following imposition of sentence, Defendant filed a Motion for Reconsideration of Sentence on May 6, 2013, which the Court denied via Order of Court the next day. Defendant then untimely filed Notice of Appeal on June 7, 2013. The Superior Court of Pennsylvania subsequently quashed Defendant's appeal for failure to file his Notice of Appeal within 30 days of the date of entry of our Order denying his Motion for Reconsideration of Sentence.

On February 25, 2014, Defendant filed a *pro se* Petition for Post-Conviction Relief pursuant to Post Conviction Relief Act (hereinafter "PCRA"), 42 Pa.C.S.A. §§ 9541-9546, seeking reinstatement of his direct appeal rights. Seeing as this was Defendant's first PCRA Petition, we appointed Defendant counsel. Defendant's counsel then filed an amended PCRA Petition on April 22, 2014. Following a hearing on July 3, 2014, the Court reinstated Defendant's appellate rights *nunc pro tunc* and Defendant subsequently filed a Notice of Appeal. After Defendant filed said Notice of Appeal, the Superior Court of Pennsylvania, for the reasons articulated in its Opinion dated February 11, 2015, affirmed Defendant's judgment of sentence and permitted counsel of record to withdraw his appearance. *See generally Commonwealth v. Gonzales*, 1292 WDA 2014 (Pa. Super. Ct. Feb. 11, 2015).

Following the Superior Court's affirmance of the judgment of sentence we entered in this case, Defendant filed a petition titled "Pro Se Petition To Correct And/Or Modify Unconstitutional Sentence To Com. v. Muniz, J-121B-2016 (19 July 2017)" with this Court on September 5, 2017. Construing this filing as Defendant's second PCRA Petition,[1] we appointed Defendant counsel to

---

[1] We construe the instant filing before the Court as a PCRA petition for reasons articulated *infra*.

3

represent him. On April 6, 2018, Defendant's counsel filed an amended PCRA Petition, which is instantly before the Court.

The Court convened a hearing on the instant PCRA Petition on July 16, 2018.

*Analysis*

In the amended PCRA Petition, Defendant argues that, in light of the Supreme Court of Pennsylvania's ruling in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), it is unconstitutional to retroactively apply SORNA registration and reporting requirements to him, a pre-SORNA sexual offender. Specifically, Defendant argues that, although he was sentenced on April 24, 2013 for his convictions in this case, which is after SORNA was enacted, he was convicted of said crimes before SORNA's effective date of December 20, 2012. Moreover, Defendant argues that the sexual offender registration law that was in effect at the time he sustained his convictions in this case, Megan's Law III, was declared unconstitutional by the Supreme Court of Pennsylvania's ruling in *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013). Thus, because *Muniz* has declared retroactive application of SORNA registration requirements to pre-SORNA offenders is unconstitutional and because the Megan's Law III has previously been declared unconstitutional, Defendant requests that "he be released from all sex offender registration requirements." *See* Def.'s Pet., Prayer for Relief.

At the hearing on his instant PCRA Petition, both defense counsel and the Commonwealth's attorney presented argument on the merits of the Petition. However, we do not reach the merits of the instant Petition. Rather, we are constrained to rule that we lack jurisdiction to entertain Defendant's instant PCRA Petition in light of the Superior Court of Pennsylvania's ruling in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. Ct. 2018). In *Murphy*, the Superior Court was tasked with reviewing a PCRA court's order denying a defendant's PCRA petition. *Id.*

4

at 403-04. The defendant's PCRA petition argued, *inter alia*, that, in light of the *Muniz* decision, retroactively imposing SORNA registration requirements on him, a pre-SORNA sexual offender, is unconstitutional. *Id.* at 404. The *Murphy* Court, in ruling on the defendant's appeal, opined that the defendant's PCRA petition was facially untimely as it was not filed within one year of the date that defendant's judgment of sentence became final. *Id.* at 404. The *Murphy* Court further held that raising a claim based on *Muniz* does not satisfy any of the exceptions for filing a PCRA petition outside of the one year jurisdictional timeframe. *Id.* at 405-06. Specifically, in holding that a PCRA claim based on *Muniz* does not satisfy any of the timeliness exceptions set forth in 42 Pa.C.S.A. § 9545(b), the *Murphy* Court reasoned as follows:

> Appellant's reliance on *Muniz* cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). In *Commonwealth v. Abdul–Salaam*, 571 Pa. 219, 812 A.2d 497 (2002), our Supreme Court held that,
>
>> [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> *Id.* at 501.
>
> Here, we acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera–Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See Abdul–Salaam, supra.* Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

5

*Id.* at 405-06.

In the instant case, Defendant's judgment of sentence became final in this case on March 14, 2015, 30 days after the date the Superior Court affirmed his judgment of sentence via its Opinion dated February 11, 2015.[2] *See* 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review); Pa.R.A.P. 1113 (stating that a petition for allowance of appeal must be filed with the prothonotary of the Supreme Court of Pennsylvania within 30 days after the entry of the order or opinion of Superior Court of Pennsylvania sought to be reviewed). Accordingly, if Defendant wanted to file the instant PCRA Petition, he must have filed it by March 14, 2016 for it to be facially timely pursuant to 42 Pa.C.S.A. § 9545(b)(1). Defendant's instant Petition is treated as being filed on September 5, 2017,[3] the date on which Defendant filed his "Pro Se Petition To Correct And/Or Modify Unconstitutional Sentence To <u>Com. v. Muniz</u>, J-121B-2016 (19 July 2017)." Consequently, Defendant's instant Petition is facially untimely pursuant to 42 Pa.C.S.A. § 9545(b)(1) as it was filed after March 14, 2016.

Because Defendant's instant PCRA Petition is facially untimely, Defendant must prove one of the three timeliness exceptions outlined in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) exists in order for this Court to have jurisdiction over his instant PCRA Petition. From his original *pro se* filing and from the filing of the amended PCRA Petition that is instantly before the Court, it appears as though Defendant is only trying to prove the timeliness exception outlined in 42 Pa.C.S.A. §

---

[2] The record reveals that Defendant did not appeal the decision of the Superior Court affirming our judgment of sentence in this case to the Supreme Court of Pennsylvania. Accordingly, Defendant's judgment became final when the time elapsed to timely file an appeal with the Supreme Court of Pennsylvania. *See* Pa.R.A.P. 1113; 42 Pa.C.S.A. § 9545(b)(3).

[3] Inmate filings are treated as filed upon the date they are placed into the prison's mailbox. *Commonwealth v. Jones,* 549 Pa. 58, 700 A.2d 423, 425 (1997). The record reveals that Defendant, who is currently incarcerated, mailed his *pro se* Petition on September 5, 2017. Accordingly, the instant Petition is treated as being filed on September 5, 2017.

6

9545(b)(1)(iii) by asserting that *Muniz* created a new constitutional right that has been held by the Supreme Court of Pennsylvania to be retroactive. According to the Superior Court of Pennsylvania's ruling in *Murphy*, Defendant's reliance on *Muniz* as a means by which to satisfy the 42 Pa.C.S.A. § 9545(b)(1)(iii) exception is misplaced. *See Muniz*, 180 A.3d at 405-06. Because we are bound by the Superior Court's precedential decision in *Murphy*, we must rule that we do not have jurisdiction to entertain Defendant's instant PCRA Petition. Accordingly, we will dismiss said Petition.

We do note for the record that defense counsel captioned the instant filing before the Court as "Amended Petition For Post-Conviction Relief/Habeas Corpus," which suggests that defense counsel requests the relief set forth in said filing under the PCRA as well as under the doctrine of *habeas corpus*. However, Defendant is not entitled to the requested relief under the doctrine of *habeas corpus* because the PCRA subsumes the writ of *habeas corpus* with respect to the remedies offered by the PCRA. *See Commonwealth v. Descardes*, 136 A.3d 493, 496-97 (Pa. 2016) ("The [PCRA is] the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose ... including *habeas corpus* and *coram nobis*.") (quoting 42 Pa.C.S.A. § 9542); *Commonwealth v. Fahy*, 737 A.2d 214, 223-24 (Pa. 1999) (opining that the writ of *habeas corpus* continues to exist as an independent basis for relief **only** in cases in which there is no remedy under the PCRA). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of habeas corpus." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. Ct. 2013) (emphasis added). The PCRA specifically "provides for an action by which ... persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542; *see also* 42 Pa.C.S.A. § 9543 (stating

7

that defendants who prove by a preponderance of evidence that their sentence is greater than the lawful maximum are entitled to relief under the PCRA). Because Defendant's current filing argues that application of SORNA registration requirements as to him constitutes an illegal sentence, we construe this instant filing solely as a PCRA Petition and find that he is not entitled to *habeas corpus* relief as challenges to illegal sentences can be brought under the PCRA. *Commonwealth v. Fowler*, 2007 Pa. Super. 219, 930 A.2d 586, 591 (2007) ("It is equally well-settled that the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") (internal quotation marks and citations omitted). Our finding is in line with the Superior Court of Pennsylvania's recent, albeit non-precedential, decision in *Commonwealth v. German*, No. 3120 EDA 2017, 2018 WL 3765968, at *3 (Pa. Super. Ct. Aug. 9, 2018). In *German*, the Superior Court ruled that a trial court properly construed a defendant's petition challenging SORNA's registration and reporting requirements in light of *Muniz* as a PCRA petition and not a *habeas corpus* petition by reasoning as follows:

> Because the reporting requirements are punitive and part of the sentence, as determined by our Supreme Court in *Muniz*, a claim challenging that designation or process is cognizable under the PCRA. Furthermore, following the *Muniz* ruling, the *Masker/Leidig* line of cases no longer supports the conclusion that these claims are outside the confines of the PCRA. Thus, the Court of Common Pleas properly considered Appellant's instant petition under the framework of the PCRA.

*Id.* at *3. While we are not bound by non-precedential decisions of the Superior Court, we find the Superior Court's rationale and holding in *German* to be persuasive. As such, we find that Defendant is not entitled to the relief requested in his instant Petition under the doctrine of *habeas corpus*.

8

For the reasons articulated above, we find that we lack jurisdiction over Defendant's instant PCRA Petition. Accordingly, we will dismiss said Petition.

An appropriate Order of Court shall follow.

BY THE COURT,

_____

Oliver J. Lobaugh, President Judge

cc:    DA
       P. Sibley, Esq.
       R. Whitman

9

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA, :
 :
 : CR. No. 289-2011
 :
JUAN JOSE GONZALES, : Superior Court Docket No. 96 WDA 2019
 *Appellant.* :

## OPINION OF COURT PURSUANT TO Pa. R.A.P. 1925(a)

AND NOW, *February  28* , 2019, the Court, has for consideration a Concise

Statement of Matters Complained of on Appeal Pursuant to Rule of Appellate Procedure 1925(b)

("Concise Statement"), filed by the Appellant Juan Jose Gonzales. Gonzales appeals from this

Court's Order of December 21, 2018, denying Gonzales' Post Conviction Relief Act Petition

("PCRA Petition" or "Petition") as untimely. Pursuant to Pa.R.A.P. 1925(a)(1), "if the reasons for

the order do not already appear of record, [the court] shall forthwith file of record at least a brief

opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify

in writing the place in the record where such reasons may be found." Gonzales makes the following

two assertions of error in his Concise Statement: (1) that this Court erred in determining his Petition

was untimely, and (2) that the conditions of SORNA are punitive in nature, and, therefore,

application of SORNA to Gonzales, who was convicted prior to its enactment, is unconstitutional.

Concise Statement ¶¶ 1-2. We have addressed the first issue in our Opinion of Court dated

December 21, 2018. Accordingly, we direct the parties' attention and your Honorable Court's

attention to our Opinion of Court dated December 21, 2018 for a full discussion of our disposition

on that issue. However, we instantly elaborate on the first issue for the sole purpose of clarifying

a finding we made in our December 21, 2018 Opinion of Court.

1



In our December 21, 2018 Opinion of Court, we explained our rationale for denying Gonzales' PCRA Petition as untimely. Specifically, we noted that, on February 11, 2015, the Superior Court of Pennsylvania affirmed Gonzales' April 24, 2013 judgment of sentence and dismissed his appeal. Accordingly, for Gonzales' PCRA Petition to be facially timely, he must have filed said Petition within one year of the date his judgment of sentence became final. *See* 42 Pa.C.S.A. § 9545(b). Because Gonzales did not petition the Supreme Court of Pennsylvania for allowance of appeal after the Superior Court of Pennsylvania entered its February 11, 2015 ruling affirming his judgment of sentence in this case, we opined in our December 21, 2018 Opinion that Gonzales' judgment of sentence became final on March 14, 2015, which was 30 days after the Superior Court of Pennsylvania entered its February 11, 2015 ruling. *See* Opinion of Court, *Commonwealth v. Gonzales*, CR. No. 289-2011, at 6 (Venango Cty. C.P. Dec. 21, 2018) (citing 42 Pa.C.S.A. § 9545(b)(3) and Pa.R.A.P. 1113). For this reason, we opined that, in order for the Petition to be considered facially timely, it must have been filed by March 14, 2016. *Id.* However, upon review of the date that we opined Gonzales' judgment of sentence became final, March 14, 2015, we note that this date fell on a Saturday. Accordingly, at the very latest, Gonzales' judgement of sentence would have been considered final on the subsequent Monday, March 16, 2015. Accordingly, pursuant to 42 Pa.C.S.A. § 9545(b), any PCRA petitions filed on behalf of Gonzales must have been filed by March 16, 2016 to be considered facially timely unless Gonzales' pleaded and proved that one of the three exceptions enumerated in 42 Pa.C.S.A. § 9545(b) applied to his Petition. The Petition was filed by Gonzales on September 5, 2017. Accordingly, regardless of whether Gonzales' judgment of sentence became final on March 14, 2015 or March 16, 2015, Gonzales' Petition was filed more than one year after his judgment of sentence became final. Consequently, as we opined in our December 21, 2018 Opinion, Gonzales' Petition was facially

2

untimely and he must have pleaded and proved that one of the jurisdictional exceptions enumerated in 42 Pa.C.S.A. § 9545(b) applied in order for this Court to rule on the merits of the Petition.

In his PCRA Petition, it appeared as though Gonzales aimed to plead and prove the jurisdictional exception enumerated in 42 Pa.C.S.A. § 9545(b)(1)(iii) as the basis for this Court to be able to rule on the merits of his PCRA Petition. Section 9545(b)(1)(iii) provides as follows:

**(b) Time for filing petition. –**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

\*\*\*

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(iii). Gonzales pleaded in his Petition and argued at the hearing thereon that, in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), the Supreme Court of Pennsylvania ruled that retroactive application of SORNA's sexual offender registration and reporting requirements to pre-SORNA offenders is unconstitutional. *See* Am. PCRA Pet. ¶ 5. Gonzales further contended that, because he sustained his convictions in this case prior to SORNA's effective date, application of SORNA as to him is unconstitutional. Moreover, Gonzales also argued that, because Megan's Law III was in effect at the time he sustained his convictions in this case and that law was subsequently declared unconstitutional by *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013), he should "be released from all sex offender registration requirements." *See* Am. PCRA Pet. ¶¶ 6-7, Prayer for Relief. Accordingly, Gonzales attempted to use the constitutional right promulgated in *Muniz* as the means by which to assert that this Court had

3

jurisdiction to entertain a PCRA petition requesting relief pursuant to *Muniz* under 42 Pa.C.S.A. § 9545(b)(1)(iii).

In our Opinion of Court dated December 21, 2018, we explained that, in light of your Honorable Court's decision in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. 2018), we lacked jurisdiction to entertain Gonzales' Petition. In *Murphy*, your Honorable Court ruled that the constitutional right promulgated in *Muniz* does not satisfy the 42 Pa.C.S.A. § 9545(b)(1)(iii) jurisdictional exception so as to allow a PCRA court to entertain an otherwise untimely PCRA petition. 180 A.3d at 405; *see also* Opinion of Court, *Commonwealth v. Gonzales*, CR. No. 289-2011, at 4-7 (Venango Cty. C.P. Dec. 21, 2018). For this reason, and noting that the PCRA Petition was not filed within one year of the date Gonzales' judgment of sentence became final, we dismissed the Petition for lack of jurisdiction.

As to the second assertion of error Gonzales' makes in his Concise Statement, he contends that application of SORNA to him is unconstitutional. *See* Concise Statement ¶ 2. While he does not state so specifically, it is clear that Gonzales makes this assertion based on the rule promulgated in *Muniz*. Because we have determined, based on your Honorable Court's decision in *Murphy*, that we lack jurisdiction over Gonzales' PCRA Petition premised on *Muniz*, it is inappropriate for this Court to opine as to the merits of the second matter asserted on appeal. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that the court has no jurisdiction to entertain an untimely PCRA Petition). For this reason, we decline to address Gonzales' second matter asserted on appeal on the merits at this time.[1]

---

[1] We note that, if the Supreme Court of Pennsylvania declares that the new constitutional right promulgated in *Muniz* is retroactive for collateral review purposes, then Gonzales could certainly file a PCRA Petition within 60 days of that Supreme Court ruling. *See Murphy*, 180 A.3d at 405 n.1. If this occurs, then said filing would meet the jurisdictional exception enumerated in 42 Pa.C.S.A. § 9545(b)(1)(iii).

Accordingly, for the reasons articulated above as well as for the reasons articulated in our Opinion of Court dated December 21, 2018, we respectfully request that your Honorable Court affirm our December 21, 2018 Order of Court dismissing Gonzales' PCRA Petition for lack of jurisdiction.

BY THE COURT,

_____
Oliver J. Lobaugh, President Judge

cc:    P. Sibley, Esq.
       DA

5